NATIONAL BENEVOLENT SOCIETY v. JOHN L. OLDHAM.

No. 13,531.   (78 Pac. 163.)

SYLLABUS BY THE COURT.

ACCIDENT INSURANCE — *Indemnity — Evidence.* Plaintiff joined a mutual benefit society and received a certificate of membership, which recited that in case of accident the society would pay such sum as the member may be entitled to receive under the terms and conditions of the rate-book. No specific amount of indemnity was fixed in the certificate. In an action against the society, after meeting with an accident which entitled the member to indemnity, it was incumbent on plaintiff to establish the non-existence of a rate-book before oral testimony could be introduced showing the amount of indemnity orally agreed to be paid to the insured by the officers of the society, at the time the benefit certificate was issued.

Error from Miami district court; WINFIELD H. SHELDON, judge. Opinion filed October 8, 1904. Reversed.

*G. B. Silverman*, and *Valentine, Godard & Valentine*, for plaintiff in error.

*Frank M. Sheridan*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: On April 3, 1901, the defendant in error made application for membership in the National Benevolent Society. Two days later a benefit certificate was issued to him, which provided that in consideration of the payment of one dollar a month "the society will pay to the member  .  .  .  such a sum as he may be entitled to receive under the terms and conditions of this certificate and the rate-book and by-laws of the society now in force, or that may hereafter be enacted, and on the terms and conditions printed on the back hereof, all of which are made a part of this agreement, for sickness, accident or death occurring while in full standing as a member."

In January, 1902, Oldham was accidentally injured, and incapacitated from performing the duties of his vocation as a railway postal clerk for twenty-two weeks. He sued to recover the sum of $222.84, claiming indemnity at the rate of ten dollars a week. He had judgment for this amount. Defendant below insisted that Oldham was entitled to recover the sum of twenty dollars a month only. The question of amount is the sole controversy.

Plaintiff below was allowed to testify that when he applied for membership in the society its president stated to him that if he was hurt he would receive ten dollars a week as benefits. This testimony was

admitted over the objection of counsel for defendant below, and after much hesitation and doubt on the part of the court.   Oldham also testified that no rate-book was furnished to him by the society, or any of its officers or agents, and that he relied on the oral statements of the president respecting the amount of indemnity he was to receive in the event of an accident.   Before plaintiff below had concluded his evidence to support a recovery he introduced the rate-book in evidence, after receiving it from counsel for the society in response to a demand.   This rate-book showed that it was adopted by the supreme lodge of the National Benevolent Society on October 4, 1900, several months before Oldham became a member and received his benefit certificate.

In express terms railway postal clerks are classed in this book as hazardous risks, and, in case of accident, the rate of indemnity to them is fixed at twenty dollars a month.   The court below submitted to the jury the question whether the rate-book introduced in evidence was in force at the time the application for membership was made and the benefit certificate issued, and instructed that if the rates contained in the book were in force at that time, then the oral testimony of Oldham should be disregarded.   We think the court below adopted and applied an erroneous theory of law to the case.

The written application of Oldham for membership, which carried with it the right to benefits in case of accident or sickness, contained an agreement that he would "abide by the constitution, by-laws, *rate-book*, rules and regulations of the society, and such changes as may be made in them from time to time."

The benefit certificate issued to defendant in error refers in express terms to the rate-book and by-laws

6—70 KAN.

for the ascertainment of the amount of benefits. No specific sum to which a member may be entitled in case of accident is mentioned in the certificate, which serves the purpose of an insurance policy. The benefit certificate referring on its face to a rate-book presupposes the existence of such a book. The recitals in the certificate were at least *prima facie* proof that the society had such a rate-book. It was incumbent on plaintiff below to establish its non-existence before oral testimony was competent to show an amount of indemnity orally agreed to be paid by the company to the insured in case of accident.

Again, by the introduction of the rate-book in evidence the plaintiff below confirmed the contention of the society respecting the amount of indemnity which it agreed to pay in such cases. To avoid the effect of this evidence, counsel for Oldham assert that the book which he offered in support of his right to recover was not the rate-book in force at the time the policy was issued, for the reason that the rate of indemnity contained therein was different from the amount which the president of the society told him he would be entitled to in the event of injury. The rate-book offered appears to have been adopted before Oldham became a member, and presumably was in force when he joined the society, in the absence of a showing to the contrary.

The conclusion we have reached is that plaintiff below, in view of the recitals in his benefit certificate, which he made a part of his petition, could not recover without establishing the fact that at the date of his becoming a member of the society it had no rate-book or by-laws in force fixing the amount of indemnity. Furthermore, that having introduced the rate-book in evidence on his own behalf, he was bound

by its provisions respecting the amount of his insurance.

The judgment of the court below will be reversed and a new trial ordered.

All the Justices concurring.